UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL SORENSEN, as executor of the estate of DAVID E. SORENSEN, deceased, HEATHER SORENSEN, as mother of M.M.S, a Minor; HEATHER SORENSEN, as mother of M.O.S, a Minor; HEATHER SORENSEN; DALLIN SORENSEN; DANE SORENSEN, and MADISON SORENSEN,<br><br>       Plaintiffs,<br><br>       v.<br><br>ECHO RENTAL COMPANY; REBECCA CAWLEY, as personal representative of the estate of JAY MICHAEL CAWLEY, deceased; BROOKS SEAPLANE SERVICE, INC.; and ANNE MARGARET LUNT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NEIL LUNDT, deceased,<br><br>       Defendants. | Case No. 2:21-cv-00272-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a petition for approval of the settlement M.O.S.'s, a

**MEMORANDUM DECISION AND ORDER - 1**

minor plaintiff, claims (Dkt. 85). For the reasons described below, the Court will grant the petition.

## BACKGROUND

In July 2020, M.O.S.'s father, David Sorensen, died while aboard a seaplane when it collided with an airplane over Lake Coeur d'Alene and crashed into the lake, killing all occupants. Mr. Sorensen is survived by his wife Heather Sorensen and five children. Of those children, only M.O.S. is still a minor.[1] In 2021, Mrs. Sorensen filed a complaint against the operators and pilots of the planes that crashed alleging wrongful death and survival action claims. In February 2023, the parties engaged in mediation and agreed to a settlement of $862,500.00 for all claims arising from Mr. Sorensen's death. *See* Exhibit B, Dkt. 85-2.

Ms. Sorensen has agreed to apportion 15% of the settlement recovery to herself and 17% to each of her children, including M.O.S. *See Motion* at 3, Dkt. 85. M.O.S.'s portion of the recovery amounts to $146,625.00 less her share of attorney's fees (25% of the total recovery) and costs incurred. M.O.S.'s net distribution of the settlement, $107,559.48, will be placed in an interest-bearing custodial account in her name. She will not be able to access this account until

---

[1] Madison Sorenson was a minor at the time of her father's death but has since reached the age of majority.

MEMORANDUM DECISION AND ORDER - 2

August 21, 2026 when she turns 21 years old or by order of the Court. *Id.* Until that time, Mrs. Sorensen will be custodian of the account, however, neither M.O.S. nor Mrs. Sorensen will be allowed to access the funds without an order of the Chancery Court in Jones County, Mississippi, where M.O.S. resides. *Id.*

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Before approving a proposed settlement involving a minor plaintiff, the district court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also* Idaho Local Civil Rule 17.1 (requiring court approval of settlement of minor's claims). This inquiry is required even if, as here, "the settlement has been recommended or negotiated by the minor's parent." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

The Ninth Circuit outlined the appropriate inquiry for district courts before approving a settlement of a minor's claim. *See Robidoux*, 638 F.3d 1181–82. Under *Robidoux*, a district court must evaluate "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts

**MEMORANDUM DECISION AND ORDER - 3**

of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This evaluation is to be conducted "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

The Ninth Circuit, however, "did not express a view on the proper approach for a federal court to use while sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Courts in this circuit are split on the proper approach to the settlement of minor claims based solely in state law: Some apply state law, while others apply *Robidoux*. *See Calderon v. United States*, No. 1:17-cv-00040-BAM, 2020 WL 3293066, at * 3 (E.D. Cal. June 18, 2020) (applying *Robidoux* framework to state law claims); *J.T. by and Through Wolfe v. Tehachapi Unified School District*, No. 1:16-cv-01492-DAD-JLT, 2019 WL 954783, at *2 (E.D. Cal. February 27, 2019) (applying state law).  Although the Court finds the *Robidoux* framework persuasive in evaluating a minor's state law claims, it need not resolve this question here. Idaho law requires a similar inquiry into whether the settlement or compromise is in the best interest of the minor, Idaho Code § 15-5-409a(4), and the settlement of M.O.S.'s claims satisfy both standards.

**MEMORANDUM DECISION AND ORDER - 4**

## ANALYSIS

M.O.S. is 15 years old and the child of the decedent, David Sorensen, who died in a plane crash over Lake Coeur d'Alene in 2020. Mr. Sorensen's wife, Heather Sorensen, is M.O.S's parent and conservator. She filed this claim in June 2021 in the District of Idaho and in February 2023, the parties reached an agreement for a stipulated settlement in the amount of $862,500.00 to be paid for satisfaction of all claims arising from Mr. Sorensen's death. Under the settlement plan, M.O.S. will receive 17% of the net recovery—totaling $107,558.48.

The petitioner's belief that the settlement is "fair, reasonable, and in the best interest of the minor" is supported by the Court's independent review. The settlement "is fair and reasonable, in light of the facts of the case, the minor's specific claims, and recovery in similar cases" as well as being in the "best interest of the minor." *Robidoux*, 638 F.3d at 1181–82; Idaho Code § 15-5-409a(4).

Although the petition does not specifically compare M.O.S.'s recovery with that of recoveries in similar cases, examining the recoveries of other minors for the death of a parent indicates M.O.S.'s net recovery is reasonable. Recovery in wrongful death varies greatly: From a multi-million-dollar settlement for a 6-year old minor whose grandmother and mother were killed in a car accident to $11,000 recovery for a child whose parent was killed by police. *Paregien v. Wilshire Ins.*

*Co.*, No. 1:15-cv-1621-AWI-JLT, 2017 WL 6447192, at *1 (E.D. Cal. Apr. 4, 2017) (approving $4,564,753.45 settlement); *Armstrong v. Dossey*, No. 1:11-cv-01632-SKO, 2013 WL 4676541, at *3 (E.D. Cal. Aug. 30, 2013) (approving $11,000 settlement). Most recoveries, however, fall somewhere in the middle. *See Hernandez v. United States*, No. 3:19-cv-1457-AHG, 2020 WL 6044079, at *3 (S.D. Cal. Oct. 13, 2020) (finding $422,799.37 to be a fair and reasonable for settlement of claim against when father was hit and killed by a postal service vehicle); *V.C. by and through Anaya v. Hunterwood Technologies USA Ltd.*, No. 21-cv-888-ALJB(LR), 2023 WL 2914284, at *3 (S.D. Cal. Apr. 11, 2023) (recommending approval of settlement resulting in $283,024.28 net recovery for minor plaintiff for death of a parent while repairing device at work); *Toscano v. City of Fresno*, No. 1:13-cv-1987-SAB, 2017 WL 2483934 (E.D. Cal. Feb. 16, 2017) (minor plaintiff's recovery of $83,049.85 for each of three children to be fair and reasonable when father was riding his bike when ran over and killed by a police vehicle); *B.L. v. California*, Case No. CV 20-11135-JVS (PVCx), 2022 WL 16888524, at *2 (C.D. Cal. July 27, 2022) (approving net recovery of $52,545.85 for minor plaintiff whose father was hit by an Amtrak train); *Calderon*, 2020 WL 3293066, at *4 (approving settlement of minor claims arising from death of their mother during surgery for $50,000); *Popal v. Nat'l Passenger R.R. Corp.*, Case

**MEMORANDUM DECISION AND ORDER - 6**

No. 15-cv-00553-JSW (KAW), 2016 WL 9114149, at *2–3 (N.D. Cal. Oct. 24, 2016) (approving net recovery of $22,638.87 for each minor for release of claims arising from father's death when killed by an Amtrak train); *A.G.A. v. County of Riverside*, No. EDCA 19-00077-VAP (SPx), 2019 WL 2871160, at *5 (C.D. Cal. Apr. 26, 2019) (approving total settlement $18,653.44 for each minor plaintiff for wrongful death and other constitutional claims).

M.O.S.'s net recovery falls well-within this range. Considering the certainty of recovery and the potential costs associated with continuing to litigate this claim, $107,558.48 is a reasonable recovery. Taking all relevant considerations into account, the Court finds that the settlement of M.O.S.'s claim meets the requirements under *Robidoux* and Idaho Code § 15-5-409a(4). Accordingly, the Court finds that the net settlement is fair, reasonable, and in the best interest of M.O.S. and approves the settlement agreement.

## ORDER

IT IS ORDERED that:

1. The Petition for Approval and Compromise of Minor's Claim (Dkt. 85) is **GRANTED.**

2. Pursuant to Paragraph E of the petition, the Minor's funds of $107,559.48 will be made payable to "Conservatorship of Marley

Sorensen" by check and sent to Minor Plaintiff's attorneys, to then be deposited into an interest-bearing account opened by Minor's Conservator, Heather Sorensen, which is not to be accessed by Minor Plaintiff until she reaches the age of majority or by further Order of this Court. Vouchers verifying that said funds have been deposited into said account shall be filed with 45 days of the entry of this Order.

DATED: March 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8